<u>Zynga Game Network Inc. v. Jason McCann</u>
U.S. District Court, Northern District of California
San Francisco Division
Case No. CV 09-3209 SI

# STIPULATION REGARDING ENTRY OF FINAL JUDGMENT UPON CONSENT

# EXHIBIT 1

1  Larry W. McFarland (Bar No. 129668)
   E-Mail: lmcfarland@kmwlaw.com
2  Dennis Wilson (Bar No. 155407)
   E-Mail: dwilson@kmwlaw.com
3  David K. Caplan (Bar No. 181174)
   E-Mail: dcaplan@kmwlaw.com
4  Christopher T. Varas (Bar No. 257080)
   E-Mail: cvaras@kmwlaw.com
5  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
6  Penthouse Suite
   Beverly Hills, California 90212
7  Telephone: (310) 248-3830
   Facsimile: (310) 860-0363
8
   Attorneys for Plaintiff
9  ZYNGA GAME NETWORK INC.

10

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16 | ZYNGA GAME NETWORK INC., a Delaware corporation | **CASE NO. CV-09: 3209 SI**
17 |
18 | Plaintiff, | **FINAL JUDGMENT UPON CONSENT**
19 | v. |
20 | JASON McCANN, an individual |
21 | Defendant. |

Plaintiff Zynga Game Network Inc. ("Zynga"), having filed a Complaint in this action charging defendant Jason McCann ("Defendant"), with Federal Trademark Infringement, Federal Cybersquatting, Federal Computer Fraud and Abuse, State Statutory Unfair Competition, State Unauthorized Computer Access, State Common Law Trademark Infringement and Unfair Competition, Breach of Contract, Intentional Interference with Contractual Relations, Trespass to Chattels, and Establishment of a Constructive Trust, and Zynga and Defendant (Zynga and Defendant are hereinafter collectively referred to as the "Parties") desiring to settle the controversy between the Parties, it is

**ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

1.   This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Service was properly made against Defendant.

2.   Zynga owns the trademark and service mark ZYNGA (the "ZYNGA Mark") and has used the Zynga Mark in commerce since June 2007.

3.   The ZYNGA Mark is inherently distinctive and by virtue of Zynga's extensive advertising and sales under the ZYNGA Mark, has become well-known within social gaming circles as a source identifier for Zynga's online games.

4.   Zynga currently owns United States Federal Trademark Registration No. 3685749 for the ZYNGA Mark in International Class 009 for downloadable software for games and entertainment on wireless devices and computers, and International Class 041 for entertainment services, namely providing on-line computer games.

5.   Zynga is the publisher of Zynga Poker, formerly known as Zynga's Texas Hold'em Poker (the "Game"), a computerized version of the world-famous poker game in which players compete with one another using virtual "chips."

6.   Zynga's Terms of Service, which govern users' play of the Game, provide that the "chips" used in the Game are not redeemable for any sum of "real world" money or monetary value. The Terms of Service also prohibit sale of "chips" "for 'real world' money" and prohibit the use of

the Game for unacceptable purposes, including activity in "conflict with the spirit or intent of" the Game. Zynga has not authorized any third party to sell or distribute the "chips" used in the Game.

7. Defendant affirmatively assented to and is bound by the Terms of Service governing use of the Game, which are located at http://www.zynga.com/legal/terms_of_service.php. Defendant assented to the Terms of Service by, among other things, accessing and playing the Game after receiving notice that the Terms of Service govern all use of the Game.

8. Defendant has owned and operated websites through which he has unlawfully advertised, purchased, sold and offered to purchase and sell "chips" for use in the Game, and has wrongfully used the ZYNGA Mark to advertise and sell these unauthorized "chips". Defendant has operated these websites from the following Internet domain names: PLAYINGPOINTS.COM; DRYACES.COM; FACEBOOKCHIPZ.COM; ZYNGACHIPZ.COM, as well as the Internet website http://www.myspace.com/facebookchipz and Twitter accounts identified by the names "Facebookchipz" and "Dryaces". Defendant registered the Internet domain name ZYNGACHIPZ.COM with the bad faith intent to profit from the trademark ZYNGA. Defendant's conduct violates Zynga's intellectual property, contractual, and other rights, and Defendant is liable for the First, Second, Third, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action alleged in Zynga's First Amended Complaint in this matter.

9. Defendant's unlawful actions giving rise to Zynga's claims were undertaken willfully and maliciously, and the damages awarded to Zynga in Paragraph 13 below are damages for willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6).

10. Defendant and his affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendant's direction or control, or in active concert or participation with Defendant, are immediately and permanently enjoined throughout the world from:

    a. Infringing any of Zynga's intellectual property rights, including but not limited to the ZYNGA Mark, any copyrights owned by Zynga, or any other rights owned by Zynga related to the Game;

   b. Accessing, directly or indirectly, any computer server or computer system owned, leased or operated by Zynga for any reason whatsoever, including without limitation any server or computer that provides access to the Game, or to any other game or application published by Zynga;

   c. Registering any Internet domain name that includes the ZYNGA Mark, or any variations or misspellings thereof, whether alone or in combination with any other term(s) or character(s);

   d. Advertising, purchasing, selling, trading, exchanging, or profiting from or participating in any way in the advertisement, purchase, sale, trade, or exchange of "chips" for use in the Game or any virtual item used in any Zynga game or application.

  11. To the extent the domain names identified in Paragraph 8 above have not already been transferred to Zynga, Defendant is hereby ordered to transfer ownership of each and every one of those domain names to Zynga within one week of the date of entry of this Judgment. In the event Defendant has not transferred the domain names to Zynga within one week of the date of entry of this Judgment, Defendant shall be in contempt, and the registrars through which the domain names are registered are ordered to transfer the domain names to Zynga.

  12. To the extent he has not already done so, Defendant is hereby ordered to permanently cancel the MySpace account associated with the Internet web address http://www.myspace.com/facebookchipz within one week of the date of entry of this Judgment. In the event Defendant has not cancelled the account within one week of the date of entry of this Judgment, Defendant shall be in contempt, and MySpace, Inc. is ordered to permanently cancel the account.

  13. To the extent he has not already done so, Defendant is hereby ordered to permanently cancel the Twitter accounts associated with the Internet web addresses http://www.twitter.com/facebookchipz and http://www.twitter.com/dryaces within one week of the date of entry of this Judgment. In the event Defendant has not cancelled the accounts within one

1  week of the date of entry of this Judgment, Defendant shall be in contempt, and Twitter, Inc. is
2  ordered to permanently cancel the accounts.
3      14.   Defendant's unlawful acts have damaged Zynga in the amount of Fifty Thousand
4  Dollars ($50,000). Defendant is hereby ordered to pay to Zynga damages in the amount of Fifty
5  Thousand Dollars ($50,000).
6      15.   Defendant is hereby ordered to pay Zynga's reasonable attorneys' fees and costs.
7      16.   The jurisdiction of this Court is retained for the purpose of making any further orders
8  necessary or proper for the enforcement, construction or modification of the Settlement Agreement
9  between Zynga and Defendant or this Judgment, and the punishment of any violations thereof.
10     17.   This Judgment shall be deemed to have been served upon Defendant at the time of its
11 execution by the Court.
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

- 4 -

CASE NO. CV-09: 3209 SI
FINAL JUDGMENT UPON CONSENT

EXHIBIT   1
PAGE   6

18. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendant as set forth above.

Dated  3/26/10  , 2010

*/s/ Susan Illston*
Honorable Susan Illston
United States District Court Judge

Presented by:

LARRY W. McFARLAND
DENNIS L. WILSON
DAVID K. CAPLAN
CHRISTOPHER T. VARAS
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830

*/s/*
Christopher Varas
Attorneys for Plaintiff
Zynga Game Network Inc.

## CONSENTS

The undersigned hereby consents to the entry of Final Judgment Upon Consent.

Dated 3/17/10 , 2010

*/s/*
William R. Gilmore, of
STRASSBURG, GILMORE & WEI LLP
Attorneys for Defendant
Jason McCann